1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

|  |  |
|---|---|
| **MARY NELSON,** | **Case No.: SACV 15-00846-CJC(DFMx)** |
| **Plaintiff,** | |
| **v.** | **ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANTS' MOTION TO DISMISS** |
| **DIEBOLD, INC. and IRENE HEADLAND,** | |
| **Defendants.** | |

## I.  INTRODUCTION & BACKGROUND

On April 28, 2015, Plaintiff Mary Nelson brought this action in Orange County Superior Court against Defendants Diebold, Inc. ("Diebold") and Irene Headland (together, "Defendants").  (Dkt. No. 1 ["Notice of Removal"]; Exh. A. ["Compl."].)

Between May 15, 2013 to March 13, 2015, Ms. Nelson was employed by Diebold as a Senior Installation Manager.  (Compl. ¶¶ 7, 9.)  Although hired as an exempt employee, Ms. Nelson alleges that her job duties consisted mostly of "non-exempt job duties" that did not require Ms. Nelson to exercise her discretion or independent judgment.  (Compl. ¶ 8.)  Ms. Nelson alleges that she was misclassified as an exempt employee and is entitled to recover overtime compensation and statutory damages under California law.  (*See* Compl.)  The Complaint asserts four causes of action, two of which are brought against Ms. Headland—one claim under California Labor Code ("Labor Code") sections 558 and 510 and one claim under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*  (Compl. ¶¶ 19–30.)

Ms. Nelson, a California citizen, filed this action in state court against Ms. Headland, who is also a California citizen, and Diebold, a citizen of Ohio.  (Compl. ¶¶ 1–3.)  On May 29, 2015, Defendants removed the action to this Court on the basis of diversity jurisdiction, arguing that Ms. Headland is a "sham defendant" who was fraudulently joined for the purpose of defeating diversity jurisdiction.  (Notice of Removal.)  Before the Court are Ms. Nelson's motion to remand, (Dkt. No. 11), and Defendants' motion to dismiss Ms. Headland, (Dkt. No. 12).  For the following reasons, the Court DENIES Ms. Nelson's motion to remand and GRANTS Defendants' motion to dismiss.[1]

## II.  ANALYSIS

Any civil action brought in a state court but which a district court has diversity jurisdiction over may be removed.  28 U.S.C. §§ 1332, 1441(a).  The defendant removing

---

[1]  Having read and considered the papers presented by the parties, the Court finds these matters appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearings set for July 27, 2015 at 1:30 p.m. are hereby vacated and off calendar.

the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and complete diversity exists among the parties.  28 U.S.C. § 1332. "[O]ne exception to the requirement for complete diversity is where a non-diverse defendant has been fraudulently joined."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

"Joinder is fraudulent 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.' " *Hunter*, 582 F.3d at 1043 (quoting *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)).  Conversely, "if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary."  *Id.* at 1044.  Generally, a fraudulent joinder analysis is properly applied only to the actual complaint removed from state court, and not a subsequently filed amended complaint.  *Lutizetti v. New Albertson's Inc.*, No. CV 11-8650 GAF AJWX, 2012 WL 273757, at *3 (C.D. Cal. Jan. 30, 2012); *see also Smith v. City of Picayune,* 795 F.2d 482, 485 (5th Cir. 1986) ("Generally, the right of removal is determined by the pleadings as they stand when the petition for removal is filed.").  In determining whether a defendant was fraudulently joined, all disputed questions of fact and all ambiguities in the controlling state law must be resolved in favor of the non-removing party.  *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).  The defendant may present additional facts to show that the joinder is fraudulent.  *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  The

removing party carries a heavy burden of persuasion, as there is a presumption against finding fraudulent joinder.  *Id.*; *see Gaus*, 980 F.2d at 566.

Here, Defendants have met their heavy burden to show that Ms. Headland was fraudulently joined.  The third cause of action is brought against Ms. Headland pursuant to Labor Code section 558, which provides for the imposition of civil penalties against "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission . . . ."  Cal. Lab. Code § 558(a).  The third cause of action also cites to section 510, which governs requirements for overtime compensation.  *See id.* § 510.  A plaintiff may only bring a claim under sections 558 and 510 of the Labor Code via the Private Attorneys General Act ("PAGA"), Cal Lab. Code § 2698 *et seq. Caliber Bodyworks, Inc. v. Superior Ct.,* 134 Cal. App. 4th 365, 370 (2005); *see Chang v. Biosuccess Biotech Co.*, No. LA CV 13-01340 JAK, 2014 WL 7404582, at *23 (C.D. Cal. Dec. 29, 2014) (finding that section 558 claims must be brought under PAGA); *see* Cal. Lab. Code § 2699.5 (requiring compliance with PAGA to bring a claim under section 510).

As a prerequisite for bringing a PAGA claim, "an employee must first exhaust certain administrative requirements . . . [as] set forth in Section 2699.3 of the Labor Code."  *Chang*, 2014 WL 7404582, at *22.  Specifically, the aggrieved employee must first provide written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and the employer of the specific provisions alleged to be violated and the facts and theories supporting the alleged violation.  Cal. Lab. Code § 2699.3(a)(1).  This provides the LWDA time to determine whether it will pursue an investigation or not.  *Caliber Bodyworks*, 134 Cal. App. 4th at 376; *see also* Cal. Lab. Code § 2699.3(a)(2).  Within 30 calendar days of receipt of the notice, the LWDA must notify the employer and the aggrieved employee as to whether it intends to investigate the alleged violation; if

the LWDA does not so intend or fails to give notice within the prescribed time period, the aggrieved employee may then commence a civil action.  Cal. Lab. Code § 2699.3(a)(2).

Defendants have established that Ms. Headland is a sham defendant because the Complaint fails to state a claim against her and this failure is obvious according to the settled rules of California law.  The Complaint does not plead the requisite PAGA claim necessary to sustain the third cause of action against Ms. Headland. [2]  Nor can Ms. Nelson now belatedly attempt to satisfy PAGA's notice requirements.  (*See* Compl.; Dkt. No. 16-1 ["Notice"].)  Ms. Nelson's counsel's letter to the LWDA, dated July 6, 2015, is deficient because it did not comply with the prescribed waiting period prior to commencing the action against Ms. Headland for the alleged Labor Code violations.  (*See* Notice); *see Caliber Bodyworks*, 134 Cal. App. 4th at 370 ("*Before an employee may file an action* seeking to recover civil penalties for [Labor Code] violations . . . he or she must . . . provid[e] notice to the LWDA and the employer and wait[] a prescribed period of time to permit the LWDA to investigate and to decide whether to cite the employer for the alleged violations." (emphasis added)).

Additionally, the evidence on the record indicates that Ms. Headland did not have any involvement with Ms. Nelson's hiring, exempt classification, compensation, job duties, or termination.  (Dkt. No. 4, Irene Headland Decl. ISO Notice of Removal ["Headland Decl."] ¶¶ 3–6.)  Indeed, Ms. Headland avers that Ms. Nelson never reported to her and that Ms. Headland does not even manage any employees in the role of Senior Installation Manager.  (*Id.* ¶ 3.)  Ms. Nelson has not submitted any evidence to the contrary, and the bare allegation in the Complaint that Ms. Headland "made or participated in the adverse decisions" regarding Ms. Nelson's purported misclassification

---

[2]  The only other claim asserted against Ms. Headland is the UCL claim.  Ms. Nelson fails to state a UCL claim against Ms. Headland because it is derivative of the PAGA claim or based on sections of the Labor Code that are either not actionable under the UCL or actionable only against a corporate employer.

is insufficient to overcome the compelling showing that Defendants have made.  (*See* Compl. ¶ 21.)   Because Ms. Nelson cannot assert a claim against Ms. Headland, the Court DENIES Ms. Nelson's motion to remand on the basis that Ms. Headland, a non-diverse defendant, was fraudulently joined and that this Court has diversity jurisdiction over this action.[3]

## III.  CONCLUSION

Accordingly, the Court DENIES Ms. Nelson's motion to remand and GRANTS Defendants' motion to dismiss.  Ms. Headland is DISMISSED from the action.

DATED:     July 21, 2015

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

---

[3]  For the same reasons, Defendants' motion to dismiss Ms. Headland for failure to state a claim under Rule 12(b)(6) is GRANTED.